UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-291-FDW

| AVERY JOE LAIL, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE SLAGLE, et al., | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's action filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915. Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 2).

**I.   BACKGROUND**

Pro se Plaintiff Avery Joe Lail, Jr., a North Carolina prisoner incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on October 12, 2018,[1] pursuant to 42 U.S.C. § 1983, alleging that Defendants are denying his First Amendment right to access the courts. He has named as Defendants the following persons, all alleged to be employees at Mountain View at all relevant times (1) Mike Slagle, Administrator/Superintendent at Mountain View; (2) Cleveland Riddle, Lieutenant at Mountain View; and (3) Kella J. Phillips,

---

[1] Plaintiff signed the Complaint on October 5, 2018, and presumably delivered it to prison officials for mailing on that date. Thus, applying the prison mailbox rule, the Complaint would be deemed filed on October 5, 2018. In any event, even if Plaintiff is deemed to have filed this action on October 5, 2018, the result is still the same in that Plaintiff did not exhaust his administrative remedies before filing this action.

unidentified employee at Mountain View. In his Complaint and in the grievances attached to his Complaint, Plaintiff alleges that Defendants are refusing to allow him to file time-sensitive legal pleadings while he is being held in segregation, specifically motions related to his motion for appropriate relief filed in North Carolina state court. (Doc. No. 1 at 2-3; Doc. No. 1-1 at 8). As relief, Plaintiff seeks an Order from this Court giving him "a chance to refile the paper on my petition for writ of certiorari," as well as appointment of counsel. (Doc. No. 1 at 5).

**II.    DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199

(2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

The North Carolina Department of Public Safety has established in its Administrative Remedies Procedures a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). In his Complaint, Plaintiff states that he has filed a grievance related to his claim and he has attached various documents to show the prison's "response to date." (Doc. No. 1 at 5). The materials attached to Plaintiff's Complaint show that when he filed this action he had proceeded through only Step One of the three-step grievance process at the prison, as the attached documents show that he appealed to Step Two on September 24, 2018. See (Doc. No. 1-1 at 8). Thus, the Complaint and the attached pleadings show that Plaintiff did not exhaust his administrative remedies before initiating this lawsuit. Accordingly, this action must be dismissed for failure to exhaust his administrative remedies. See Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

### III. CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies, Plaintiff's claim must be dismissed. The dismissal will be without prejudice. Once Plaintiff exhausted his administrative

remedies, he may refile this action if he is still being denied the right to mail his legal materials, as he alleges. Finally, to the extent that Plaintiff requests appointment of counsel, the request is denied.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

(3) In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full. The Clerk is respectfully instructed to mail this Order to Mountain View Correctional Institution, 545 Amity Park Rd., Spruce Pine, NC 28777.

(4) The Clerk of Court is directed to close this case.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge